IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RECEIVED
DEC 06 2021
BY MAIL

PETE WRIGHT,   )
  )
  Plaintiff,   ) Case No.: _____
  )
VS.   )
  )
MISSOURI DEPARTMENT )
OF MENTAL HEALTH,   )
  )
  Defendant.   )
  )

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

COMES NOW, Plaintiff pro se, at first impression, pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 65(b)(1), request

this court, upon the submitted verified affidavit of Pete Wright, a civil committee, to issue a Temporary Restraining Order (T.R.O.), Restraining and directing the Missouri Department of Mental Health (MDMH) to:

(a) cease confiscation of requested legal copies, legal materials in Plaintiffs possession and ordered or incoming postage stamps;

(b) direct MDMH to return all confiscated legal documents and adhere to State law regarding personal possessions of patients, Missouri Revised Statute (R.S.Mo.) Section (§) 198.088.1(6)(m);

2

(C) based on the number of criminal cases that are active (four) and civil commitment, habeas corpus and other processes that can lead to release from confinement, direct the MDMH to cease from obstructing his access to lexis.nexus by (1) declassifying the only source of legal caselaw as a "privilege" to a "right" and (2) allowing access to lexis.nexus whenever computer is not in use.

Plaintiff further request that the Court issue an order directing defendants to appear and show cause why a preliminary injunction should not issue and

be made permenant.

## II. GROUNDS

This application is made pursuant to Rule 65(b)(1) of the F.R.C.P.. As set forth more fully in the accompanying Memorandum of Points and Authorities, defendant is in violation of state laws that control the issues of involuntary civilly committed individuals' possession of personal property, §198.088.1(6)(m) RSMo via authority given pursuant to §630.760 RSMo.; Missouri Code of Regulations, Title 19 CSR and Title 42 CFR and in violation of inter alia, Lewis v. Casey, 518 U.S. 343 (1996), the Sixth Amendment

4

(regarding criminal charges) and the Fourteenth Amendment's Due Process and Equal Protection clauses of the U.S. Constitution, in that Defendant MDMH is obstructing Plaintiff's access to the Courts and violating his right to due process.

## III. DOCUMENTS

This motion is based on this Application, the accompanying memorandum of Points and Authorities, the verified affidavit of Pete Wright and fifteen verified exhibits identified as "Plaintiff Exhibits" ("PLTF. EXH.") 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 & 15, and 18 and

other such evidence as may be presented to the Court at the hearing on this matter.

## IV. Ex Parte Notice

Plaintiff submits this application without formal notice[1] due to fact defendant has already ignored a state court order (two) to give Plaintiff access to his property (PLTF. EXH. 1) and that several causes are due a response within the month. (case no. 21SF-CC00152 [state habeas corpus], 21SF-

---

1. Informal written notice was made via mail to the Missouri Attorney General's office on November 17, 2021.

6

CR-00578 (criminal) and a Mandamus in this State's Supreme Court, case no. SC99371). Plaintiff request that this Court issue the order immediately with a finding that the interests of justice require that the ex parte application be heard without notice.

## V. CONCLUSION

Plaintiff wishes to file a title 42 U.S.C. §1983 civil action in this Court, specifically challenging: (1) civil commitment as punishment disguised as "treatment" and (2) unwritten practices that are an ex-

aggerated response to either a safety, security or treatment objective or concern, essentially a Turner [v. Safley, 482 U.S. 78 (1987)] challenge, and can't — due to confiscation of legal possessions and incoming legal mail, postage, envelopes, as well as limited access to legal research tools/websites (with no on-site alternatives) and refusal to allow Plaintiff to make or request and recieve legal copying services. Any and every action including current, active criminal charges are being frustrated and impeded warranting swift Court intervention.

       Respectfully Submitted,

8

Dated: November 17, 2021

Pete Wright
1016 W Columbia
Farmington, MO 63640
Plaintiff pro se
(573) 218-7017