## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| PETE WRIGHT, | ) |
|        Plaintiff, | ) |
| v. | )   Case No. 4:21-cv-01436-SEP |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) |
|        Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is *pro se* Plaintiff Pete Wright's Motion for Leave to Proceed *in forma pauperis*. Doc. [2]. After reviewing Plaintiff's submission, the Court grants the motion. Additionally, the Court dismisses the action for failure to state a claim for relief.

### LEGAL STANDARD

The Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While the Court must assume well-pled facts as true, it need not accept as true "legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 555)).

When reviewing a *pro se* complaint, the Court must give it the benefit of a liberal construction. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). A "liberal construction" means that "if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)) (cleaned up). This does not excuse a *pro se* litigant from alleging

sufficient facts to state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) ("Although we view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."); *see also Stone*, 364 F.3d at 915 (noting that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, a liberal construction does not excuse a *pro se* litigant from following Federal Rules of Civil Procedure and the Court's local rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## FACTUAL BACKGROUND

Plaintiff is a self-represented litigant who is currently committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, where he is undergoing the Sex Offender Rehabilitation and Treatment Services (SORTS) program. Doc. [1-3] ¶ 3. He has filed a document titled "Plaintiff's Motion for Temporary Restraining Order Without Notice and Order to Show Cause Why a Preliminary Injunction Should Not Issue," which the Court construes as a civil action pursuant to 42 U.S.C. § 1983. Doc. [1]. The Missouri Department of Mental Health (MDMH) is the sole named Defendant. *Id.* at 1.

The Complaint consists of nine handwritten pages. *See generally* Doc. [1]. Attached to the Complaint are 82 pages of exhibits. Docs. [1-1], [1-2], [1-3]. The exhibits include a memorandum in support; docket sheets; SORTS team requests; a letter from the Department of Mental Health Services; a medical/psychiatric assessment; a sexually violent predator evaluation; grievances; the "minute book" for HB 1405; Plaintiff's treatment plan; and DNA results from a laboratory, apparently submitted in support of a postconviction action. Docs. [1-1], [1-2], [1-3].

Plaintiff's Complaint, memorandum, and affidavit raise a variety of objections relating to his commitment to the MDMH's SORTS program, but the focus of his Complaint is the alleged infringement of his right to access the courts and legal materials. Doc. [1] at 1-4. Plaintiff explains that he has four active criminal cases, a civil commitment matter, a habeas corpus action, and "other processes that can lead to release from confinement." *Id.* at 3. He asserts that his legal actions "are being frustrated and impeded" by the MDMH. *Id.* at 8. Plaintiff demands that the MDMH: (1) refrain from confiscating his legal materials; (2) return all previously confiscated legal documents; and (3) cease "obstructing [Plaintiff's] access to" Lexis Nexis by classifying it as a right and "allowing [Plaintiff] access" to it "whenever [the] computer is not in use"; and (4) give him greater access to copying services. *Id.* at 1-3, 8.

**DISCUSSION**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court[.]" *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, 'in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'") (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Eleventh Amendment bars suit against a state and its agencies for any kind of relief, not solely monetary damages. *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) ("While under the doctrine set forth in *Ex Parte Young* . . . state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies.") (citing *Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006), *vacated on other grounds*, 551 U.S. 1142 (2007)) (internal citation omitted).

As a department of the State of Missouri, Defendant Missouri Department of Mental Health is shielded the Eleventh Amendment. *Miener v. State of Mo.*, 673 F.2d 969, 980-81 (8th Cir. 1982) (MDMH was protected by the Eleventh Amendment); *see also Morgan v. Dep't of Mental Health*, 2022 WL 1102116, at *2 (E.D. Mo. April 13, 2022) ("[T]he sovereign immunity conferred by the Eleventh Amendment bars plaintiff's claims against the Missouri Department of Mental Health[.]").

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Mo.*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* (citing *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 474 (1987)) (quotation marks omitted). The second exception exists when the state "waives its immunity to suit in federal court[.]" *Id.* at 65. A state waives Eleventh Amendment immunity "only . . . by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.*; *see also Pennhurst State Sch. & Hosp.*, 465 U.S. at 99 ("We have insisted, however, that the State's consent [to suit in federal court] be unequivocally expressed.").

The first exception is inapplicable because 42 U.S.C. § 1983 does not revoke a state's Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."); *cf. Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe, on

3

the basis of such slender 'evidence,' that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not, explicitly or by implication, waived Eleventh Amendment immunity in this type of case. *See* Mo. Rev. Stat. § 537.600; *see also Long v. Curators of Univ. of Mo.*, 1993 WL 52821, at *3 (W.D. Mo. Feb. 23, 1993) ("[N]owhere does [§ 537.600] indicate an intent to waive immunity to suits in federal court in particular.").

Because Defendant is protected from suit by the Eleventh Amendment's grant of sovereign immunity, which bars suit for any type of relief, this case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12$^h$ day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE